# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

UNITED STATES OF AMERICA
v.
DWAYNE WILSON

**JUDGMENT IN A CRIMINAL CASE**

Case Number: DPAE2:10CR00212-011

USM Number: 67692-066

R. Emmett Madden, Esq.
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)  1, 2, 7 through 14 and 15.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | Conspiracy. | 1-18-2010 | 1 |
| 18:1344 | Bank fraud. | 1-18-2010 | 2 |
| 18:1028A(a)(1)(c)(5) | Aggravated identity theft. | 10-27-2009 | 7 |
| 18:1028A(a)(1)(c)(5) | Aggravated identity theft. | 10-29-2009 | 8 |
| 18:1028A(a)(1)(c)(5) | Aggravated identity theft. | 11-2-2009 | 9 |
| 18:1028A(a)(1)(c)(5) | Aggravated identity theft. | 10-28-2009 | 10 |

The defendant is sentenced as provided in pages 2 through  10  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 17, 2013
Date of Imposition of Judgment

*[signature]*
Signature of Judge

HON. CYNTHIA M. RUFE, USDJ EDPA
Name and Title of Judge

October 22, 2013
Date

cc
R Madden. Esq.
K.T. Newton, AUSA
U.S. Probation (2)cc
U.S. Pretrial (1)cc
Fins (1) cc
Fiscal (1)cc
US-M-S (2)cc
S/I

DEFENDANT: Wilson, Dwayne
CASE NUMBER: DPAE2:10CR00212-011

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1028A(a)(1)(c)(5) | Aggravated identity theft. | 11-24-2009 | 11 |
| 18:1028A(a)(1)(c)(5) | Aggravated identity theft. | 12-1-2009 | 12 |
| 18:1028A(a)(1)(c)(5) | Aggravated identity theft. | 12-2-2009 | 13 |
| 18:1028A(a)(1)(c)(5) | Aggravated identity theft. | 12-14-2009 | 14 |
| 18:1344 | Bank fraud. | 11-20-2009 | 15 |

AO 245B    (Rev. 06/05) Judgment in Criminal Case
       Sheet 2 — Imprisonment

Judgment — Page 3 of 10

DEFENDANT: Wilson, Dwayane
CASE NUMBER: DPAE2:10CR00212-011

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

70 months. (See page 3.)

☒ The court makes the following recommendations to the Bureau of Prisons:
The Court directs that defendant receive credit for all time served while in state and/ or federal custody on this matter, that defendant be classified to an institution in the Delaware Valley where he may participate in the Bureau of Prisons Inmate Financial Responsibility Program and remain close to his family.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 2A — Imprisonment

DEFENDANT:     Wilson, Dwayne
CASE NUMBER:   DPAE2:10CR00212-011

## ADDITIONAL IMPRISONMENT TERMS

46 months on each of counts 1, 2 and 15 to be served concurrently to each other and to the term of sentence imposed on counts 1 and 2 of Indictment No. 11-588; and 24 months on each of counts 7 through 14, to be served concurrently to each other and the sentence imposed on counts 4 through 7 of Indictment No. 11-588, but consecutively to the term of sentence imposed on counts 1, 2, and 15 and the term of sentence imposed on counts 1 and 2 of Indictment No. 11-588.

DEFENDANT:      Wilson, Dwayne
CASE NUMBER:    DPAE2:10CR00212-011

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

5 years on each of counts 2 and 15;  3 years on count 1;  and 1 year on each of counts 7 to 14, all terms to run concurrently to each other and concurrently to the term of supervised release imposed on counts 1, 2 and 4 through 7 of Indictment No. 11-588.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Wilson, Dwayne
CASE NUMBER: DPAE2:10CR-00212-011

Judgment—Page 6 of 10

# SPECIAL CONDITIONS OF SUPERVISION

Defendant shall provide his probation officer with full disclosure of his financial records to include yearly income tax returns, upon request. The defendant shall cooperate with his probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

Defendant shall not incur any new credit card charges or open additional lines of credit without the approval of his probation officer, unless he is in compliance with a payment schedule for any Court-ordered financial obligations. Defendant shall not encumber or liquidate interest in any assets unless it is in direct service his Court ordered financial obligations or otherwise has the express approval of the Court.

Defendant is prohibiting from maintaining employment where he has access to personal identification information for the term of his supervised release.

DEFENDANT: Wilson, Dwayne
CASE NUMBER: DPAE2:10CR000212-11

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 1,100.00 | $ NONE | $ 115,236.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TD Bank<br>Corporate Security &<br>Investigations<br>9000 Atrium way<br>Mount Laurel, NJ 08054<br>#586-470-3994 aa | $112,374.00 | $112,374.00 | 100% |
| Wells Fargo Bank<br>(Formally Wachovia Bank)<br>Corporate Investigations<br>Y1372-033<br>401 Market Street<br>Philadelphia, Pa 19106+ | $2,862.00 | $2,862.00 | 100% |
| **TOTALS** | $ 115,236 | $ 115,236 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X the interest requirement is waived for the ☐ fine X restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Wilson, Dwayne
CASE NUMBER: DPAE2:10CR00212-011

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The amount ordered represents the total amount due to the victim for this loss. The defendant's restitution obligation shall not be affected by any restitution payments made by other defendants in this case, except that no further payments shall be required after the sum of the amounts actually paid by all defendants has fully satisfied this loss.

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties

DEFENDANT: Wilson, Dwayne
CASE NUMBER: DPAE2:10CR00212-011

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B X Payment to begin immediately (may be combined with ☐ C, ☐ D, or X F below); or

C Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F X Special instructions regarding the payment of criminal monetary penalties:

If defendant shall become employed while incarcerated then, monies earned may be applied to defendant's Court-ordered financial obligations at a rate of no less than $25.00 per quarter. All remaining balances shall become a condition of defendant's supervised release and paid at a rate of no less than $100.00 per month. Payments shall begin 30 days after defendant's release from incarceration.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    SEE PAGE 8

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: Wilson, Dwayne
CASE NUMBER: DPAE2:10CR00212-011

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| Dwayne Wilson (10-212-11) | $112,374.00 | 112,374.00 | TD Bank |
| Dwayne Wilson (10-212-11) | $2,862.000 | $2,862.00 | Wells Fargo Bank |
| Hajar Muhammad (10-212-1) not yet convicted | | | |
| Joseph Middleton(10-212-2) | $112,374.00 | $21, 600.00 | TD Bank |
| Kareem Compton (10-212-3) not yet convicted. | | | |
| Charlene Martin Holliman (10-212-4) | $112, 374.00 | $53, 287.00 | TD Bank |
| Harold Goodman (10-212-5) | $112, 374.00 | $20,637.00 | TD Bank |
| Vincent Williams (10-212-6) | $112, 374.00 | $2,100.00 | TD Bank |
| Natasha Gilliam (10-212-7) | $112, 374.00 | $15,054.00 | TD Bank |
| Harmon Ford (10-212-8) | $112,374.00 | $16,415.00 | TD Bank |
| Dominque Hayes (10-212-9) | $112,374.00 | $10,461.00 | TD Bank |
| Jamal Hammond (10-212-10) | $112,374.00 | 112,374.00 | TD Bank |
| Jamal Hammond (10-212-10) | $2,862.00 | $2,000.00 | Wells Fargo Bank |
| Troy Robinson (10-805) | $112,374.00 | $63,930.00 | TD Bank |
| Troy Robinson (10-805) | $2,862.00 | $2,862.00 | Wells Fargo Bank |
| Donald Flowers (10-817) | $112,374.00 | $84,174.00 | TD Bank |
| Donald Flowers (10-817) | $2862.00 | $2,862.00 | Wells Fargo Bank |
| Eddie Thomas (13-63) not yet convicted | | | |